WESTERN DIST.
September, 1836.

DELAHOUSSAYE'S
HEIRS
vs.
BIENVENU ET AL.

---

## DELAHOUSSAYE'S HEIRS *vs.* BIENVENU ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

Where a family meeting consent to mortgage the property of minors, to obtain a loan, to enable the tutor to discharge a judgment against them, and the loan not being procured, but the tutor pays the amount of the judgment with other funds of the minors' in his hands, it will be valid.

The tutor has a right to dispose of the funds in his hands on his responsibility; and where he pays a judgment obtained against his pupils, the judgment cannot be rescinded and the amount recovered back from the owner who received payment. If the tutor paid without proper authority, the minors must look to him, as in case of maladministration of their estate.

This is an action to annul a judgment obtained by the defendants against one Hany, as the natural tutor of the plaintiffs, who are the minor heirs of C. E. Delahoussaye. The latter inherited a sugar plantation and slaves from their

deceased mother, and, in the course of administration, the <span>WESTERN DIST.</span>
tutor and father (Hany) contracted the debt on which this <span>September, 1836.</span>
judgment was obtained, for a sugar mill and other things <span>DELAHOUSSAYE'S</span>
furnished the plantation.   The tutor let judgment go by <span>HEIRS<br>vs.</span>
default.   This judgment was assigned to another.   When <span>BIENVENU ET AL.</span>
pressed for payment, the tutor convoked a family meeting of
the relations and friends of the minors, who recommended
mortgaging the plantation, with a view to procure funds to pay
off this judgment and other debts.   The loan was not
procured, but Hany, the tutor, paid off the judgment in
question with other funds of his pupils, in his hands, to the
assignee.

The district judge gave judgment for the defendants, from
which the plaintiffs appealed.

*Lewis,* for the plaintiff.

1. The judgment is null, because the debt on which it is
founded was illegally contracted by the tutor, to the disad-
vantage and injury of his pupils.   The suit was not properly
defended ; there was, in fact, no defence, but judgment went
by default.   *Code of Practice,* 615.   *Louisiana Code,* 301, *et seq.*

2. This judgment was paid illegally from the capital and
with the funds of the plaintiffs, which was received by the
assignee, and should be refunded.

3. The contract made by the tutor was not binding on
the minors, because not being for their benefit, but through
the mismanagement of their estate.   *Louisiana Code,* 327,
340.

4. The consent of the family meeting to pay this judgment
could not, by a subsequent ratification, make good what was
null and void.   *Louisiana Code,* 334–5.

5. The tutor had no power to contract the debt on which
the judgment is rendered.   He is forbidden to spend more
than the revenue of his minors, without the advice of a
family meeting ; and *a fortiori* he could not enter into con-
tracts which would have the effect of squandering their
capital by means of suits.   *5 Louisiana Reports,* 490.
*Louisiana Code,* 343.

35

WESTERN DIST.
September, 1836.

DELAHOUSSAYE'S
HEIRS
vs.
BIENVENU ET AL.

6. The judgment is illegal, because it is general against the tutor as such, and authorizes the seizure and sale of the minors' property. It should at least have been restricted to the revenues. 8 *Martin, N. S.,* 272.

7. It is illegal, and should be set aside because it authorizes the alienation of the property of minors contrary to law, and forbidden by it. 1 *Martin, N. S.,* 324, 628. 2 *Louisiana Reports,* 328.

*Brownson* and *Simon,* for the defendants.

This is an action of nullity or rescission, by which the plaintiffs, who were all minors at the time the judgment was rendered, seek to have it set aside, on several grounds; but no fraud or collusion is alleged.

1. As to jurisdiction. The District Court had jurisdiction; it was not a suit against a succession, but only to recover a debt which had been contracted by the tutor for his minors, after the death of their ancestor. *Code of Practice, article* 924. 5 *Louisiana Reports, page* 26.

2. The minors were duly represented in the suit in which said judgment was rendered, and it cannot now be rescinded. *Act of* 1826, *as amending article* 615 *of Code of Practice.*

3. Moreover, a meeting of the family of the minors, convened after the judgment had been rendered, recognized the same to be justly due, and provided means to pay its amount. They had a right to do so. *Civil Code,* 339, 343. The object of the family meeting was to provide for the payment of such debts, contracted by the tutor, as had turned to the benefit of the minors, and particularly for their maintenance and education, and this is one of those debts.

*Bullard, J.,* delivered the opinion of the court.

The plaintiffs sue to rescind a judgment rendered against them and ordered to be satisfied out of their property, while minors, on various grounds, as set forth in the petition; and, among others, that the suit against their tutor was not well defended, and that they were aggrieved by the judgment. *Code of Practice, article* 615. The assignee of the person in

whose favor the original judgment was rendered is made a party defendant.

WESTERN DIST.
September, 1836.

The defence relied on is, that the judgment was paid by the tutor of the plaintiffs to the assignee, out of funds of the plaintiffs, in his hands, and that there is no nullity in the judgment.

DELAHOUSSAYE'S
HEIRS
vs.
BIENVENU ET AL.

It is shown by the evidence in the record, that, after the rendition of the judgment, the father and tutor of the plaintiffs provoked a family meeting, composed of the nearest relatives of the minors, some of whom figure in this case as parties, and that the family meeting authorized the tutor to procure a loan, by mortgage of the minors' property, for the purpose partly of paying the judgment in question, together with other debts, which they say on oath had been contracted for the sustenance and education of the plaintiffs and for the better administration of their property. The loan was not procured, but it appears that afterwards money came into the hands of the tutor, in consequence of the sale of some property of the minors, which was not provoked by him, and that out of that fund he discharged the judgment in question.

If the family meeting consented to create an incumbrance on the property of the plaintiffs to pay the debt in question, they may fairly be said to have authorized the payment by means less onerous to the parties. The tutor had a right to dispose of the money in his hands, under his responsibility, and we are of opinion that, under such circumstances, the plaintiffs must look to their tutor, if he has mal-administered their estate.

*Where a family meeting consent to mortgage the property of minors to obtain a loan, to enable the tutor to discharge a judgment against them, and the loan not being procured, but the tutor pays the amount of the judgment with other funds of the minors in his hands, it will be valid.*

*The tutor has a right to dispose of the funds in his hands on his responsibility; and where he pays a judgment obtained against his pupils, the judgment cannot be rescinded, and the amount recovered back from the owner, who received payment. If the tutor paid without proper authority, the minors must look to him as in case of mal-administration of their estate.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.